**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| DESIREE KINSEY, )<br>      Plaintiff, )<br> )<br>      v. )<br> )<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of the )<br>Social Security Administration, )<br>      Defendant. ) | CAUSE NO.: 2:16-CV-69-PRC |

## **OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 27], filed by Plaintiff Desiree Kinsey on June 21, 2017. The Commissioner filed a response on July 18, 2017, and Plaintiff filed a reply on July 28, 2017.

On February 23, 2016, Plaintiff filed a Complaint with this Court, seeking review of the Commissioner's final decision on her application for social security supplemental security income benefits. On June 21, 2016, Plaintiff filed an Opening Brief. On June 27, 2017, the Commissioner filed a response, and on October 18, 2016, Plaintiff filed a reply. On March 24, 2017, the Court granted the relief sought by Plaintiff, reversing the ALJ's decision, remanding for further proceedings, and directing the Clerk of Court to enter judgment in favor of Plaintiff.

On June 30, 2017, Plaintiff timely filed the instant motion, seeking attorney fees under the Equal Access to Justice Act ("EAJA") in the amount of $15,486.35 for 1.9 hours of legal assistant time[1] at an hourly rate of $95.00 and 79.1 hours of attorney time at an hourly rate of $193.50 (for June 2016).[2]

---

[1] The EAJA Itemization only supports 1.4 hours of legal assistant time. *See* (ECF 27-1).

[2] Although Plaintiff represents in her brief that this amounts to $15,485.99, the calculation results in a total of $15,486.35.

As an initial matter, the Court notes that the parties agree that, because Plaintiff requested in her brief only 79.1 of the 82.85 hours set out in the EAJA Itemization attached to the brief (a difference of 3.75 hours), Plaintiff should only recover fees for 79.1 hours. Accordingly, the Court reduces the number of hours for June 2016 (when the most work was done) by 3.75 hours, from 62.05 hours to 58.30 hours.

There is a statutory cap of an hourly rate of $125.00 for reasonable attorney fees under the EAJA. 28 U.S.C. § 2412(d)(2)(A)(ii). However, the statute allows for a cost of living adjustment when "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id*. "Courts should generally award the inflation-adjusted rate according to the [Consumer Price Index], using the date on which the legal services were performed." *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015).

In this case, Plaintiff proposes using the Consumer Price Index for the U.S. city average. In her response brief, the Commissioner argues that the hourly rate should be based instead on the Consumer Price Index for the Chicago-Gary-Kenosha region, which is a subset of the Midwest region. The Commissioner reasons that Plaintiff resides in Lake County, Indiana, the Court is located in Lake County, and Plaintiff's counsel is located in Cook County, Illinois, all of which are in the Chicago-Gary-Kenosha region.

It is within the Court's discretion to choose between the U.S. city average or the Midwest region rate (or an identified subset of that rate). *See Wright v. Berryhill*, 1:14cv8163, 2017 WL 2588218, at *2 (N.D. Ill. June 14, 2017) (citing *Colvin*, 777 F.3d at 428 n. 2). The Court finds that the CPI for Chicago-Gary-Kenosha is most appropriate. *See Harrington v. Berryhill*, 2017 WL

2502456, at *1 (S.D. Ind. June 9, 2017) (applying the Midwest urban market CPI for the Indianapolis market); *Pollard v. Colvin*, 1:14cv345, 2015 WL 846424, at *2-3 (S.D. Ind. Feb. 26, 2015) (considering "several charts displaying the standard hourly billing rates for attorneys in the Indianapolis-Carmel, Indiana statistical area").

Thus, the cost of living adjustment based on the CPI for Chicago-Gary-Kenosha results in an adjusted hourly rate of $181.89 for February 2016; $184.21 for June 2016; $184.35 for October 2016; and $186.39 for April 2017.

This results in attorneys fees totaling $14,575.72 as follows: $18.19 in February 2016 (.1 hour at $181.89/hr.); $10,739.44 in June 2016 (58.30 hours at $184.21/hr.); $3,631.70 in October 2016 (19.7 hours at $184.35/hr.); and $186.39 in April 2017 (1 hour at $186.39/hr.). To that, the Court adds $429.34 for 2.3 hours of attorney time spent on the reply brief in July 2017 at the adjusted hourly rate of $186.67 for June 2017 (the most recent month available) for the Chicago-Gary-Kenosha area, for a total of $15,005.06. Plaintiff's evidence supports 1.4 hours of legal assistant time. Therefore, the Court further adds $133.00 for 1.4 hours of paralegal work at an hourly rate of $95.00, for a total fee award of $15,138.06.

The Commissioner also argues that the requested fees are not reasonable and that the Court should exclude a portion of the 82.85 hours that counsel for Plaintiff spent briefing this case. The Court has carefully considered the Commissioner's arguments, including the range of cases cited by Plaintiff showing that cases average 40-60 hours for a fee petition. The Court finds that, in light of the size of the administrative record (1675 pages), the fact that this case was previously remanded by the Court, the number of issues raised in this appeal (law of the case doctrine regarding headaches, the ALJ's analysis of the multiple sclerosis diagnosis, the RFC assessment, the weight

to a treating physician's opinion, and the credibility assessment), and the variation in time an individual attorney may take in reviewing records and drafting briefs, the number of hours spent in this case, albeit high, is not unreasonable.

The Commissioner also contends that there is a total of 10.85 hours that should be excluded because Plaintiff provides no description of the tasks performed on the EAJA itemization and, thus, cannot show that they are reasonable. However, in her reply brief, Plaintiff explains the formatting of the itemization of each charge, accounting for the 10.85 hours.

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 27] at an hourly rate different than requested and **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $15,138.06 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED this 9th day of August, 2017.

    s/ Paul R. Cherry
    MAGISTRATE JUDGE PAUL R. CHERRY
    UNITED STATES DISTRICT COURT